**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **LYNVAL K. ANDERSON, JR.,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **1:26-CV-708-RP-ML** |
| | § | |
| **WARDEN BOYD,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court is Petitioner Lynval K. Anderson's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 8) (Motion, Mot.).[1] After considering the motion, the supporting evidence, and the response, and determining a hearing is not necessary, the undersigned submits the following Report and Recommendation to the District Judge.

### I.    BACKGROUND

Anderson is currently confined at FCI Bastrop. Dkt. 8 at 6. He filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, seeking application of time credits under the First Step Act. Dkt. 1. In his § 2241 Petition, he seeks an order that he be moved from custody to RRC/home-confinement. Dkt. 1. The court ordered that the § 2241 Petition be served on the U.S. Attorney and that the U.S. Attorney, on behalf of Respondent, file an answer or other response to the Petition. Dkt. 6.

Anderson has now filed his Emergency Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 8. Through his Motion, Anderson seeks the same relief as he seeks in

---

[1] The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

his Petition—to "1. Immediately apply Petitioner's earned First Step Act time credits; 2. Recalculate Petitioner's placement eligibility; 3. Transfer Petitioner to prerelease custody without delay." Mot. at 6.

## II.    LEGAL STANDARD

The purpose of a preliminary injunction is to preserve the status quo and thus prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits. *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017). To be entitled to a preliminary injunction, the movant must satisfy each of the following equitable factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest. *Id*. Because a preliminary injunction is an extraordinary remedy, it should not be granted unless the movant has clearly carried the burden of persuasion on all four requirements. *Id*. Failure to sufficiently establish any one of the four factors requires a court to deny the movant's request for a preliminary injunction. *Id*.

A TRO is "a highly accelerated and temporary form of preliminary injunctive relief, which may be granted without notice to the opposing party or parties." *Cotton v. Tex. Express Pipeline, LLC*, No. 6:16-CV-453-RP-JCM, 2017 WL 2999430, at *1 (W.D. Tex. Jan. 10, 2017) (citation and quotation marks omitted). The party moving for a TRO must establish the same four factors required for a preliminary injunction. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). It is the burden of the party seeking the TRO to establish each of the four elements. *Miss. Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *see also Allied Mktg. Group, Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). "A [TRO] is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all

four requirements." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citation and quotation marks omitted).

### III.    DISCUSSION

As noted, Anderson is currently in federal custody. Dkt. 8 at 6. Through his Motion, Anderson seeks the same relief as he seeks in his Petition—immediate application of his FSA credits, recalculation of his placement eligibility, and transfer to prerelease custody. Mot. at 6. This is not appropriate TRO or injunctive relief. *City of Dallas*, 847 F.3d at 285 ("The purpose of a preliminary injunction is to preserve the status quo and thus prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits."). Anderson is not seeking to preserve the status quo; Anderson is seeking his ultimate relief. As Anderson is not seeking to preserve the status quo, the undersigned will recommend his Motion be denied.

### IV.    RECOMMENDATIONS

For the reasons given above, the Magistrate Judge respectfully **RECOMMENDS** Petitioner's Lynval K. Anderson's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 8) be **DENIED.**

### V.    OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objection must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusory, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED April 30, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

4